**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                              NO. 4:15CR00002 JLH

DANA DEFFENBAUGH                                                       DEFENDANT

## OPINION AND ORDER

Dana Deffenbaugh has been indicted on one count of sex trafficking of a minor and one count of sex trafficking by use of force or threats, both of which are violations of 18 U.S.C. § 1951(a).  Deffenbaugh has moved to suppress evidence obtained following his arrest, evidence obtained from the search of a hotel room, and evidence obtained from the search of any cell phones.

On December 31, 2014, a United States magistrate judge issued an arrest warrant for Dana Deffenbaugh, finding that probable cause existed to believe that he violated 18 U.S.C. § 1951 by engaging in sex trafficking of a minor.  On that same day, the magistrate judge issued a search warrant, which authorized law enforcement officers to search Room 227 of America's Best Value Inn in North Little Rock, Arkansas.  The arrest warrant and the search warrant were supported by separate affidavits executed by two different law enforcement officers.  Deffenbaugh argues that the affidavit for the arrest warrant was based entirely on uncorroborated hearsay by a minor with no track record of reliability and therefore there was no substantial basis on which to find probable cause for his arrest.  He argues that the affidavit for the search warrant also failed to provide a substantial basis to provide probable cause to search Room 227.  Finally, he argues that any evidence obtained from cell phones must be suppressed because police must first obtain a warrant before searching a cell phone seized incident to arrest.

The affidavit in support of the arrest warrant states that on December 28, 2014, the North Little Rock Police Department received an anonymous telephone call reporting that a minor female was being held against her will at a hotel located at 3100 Main Street in Room 225. The officers made contact with the caller, who stated that a seventeen-year-old minor female was being forced to be a prostitute by an individual known as "Big Face." Officers then made contact with the minor, who, in two interviews, confirmed the information provided by the telephone call and gave details about her encounter with Big Face and the prostitution business that he was operating. Among the details provided by the minor was the fact that Big Face solicited customers for his prostitutes by advertising on Backpage.com. The minor identified a photograph of Dana Deffenbaugh as Big Face.

The warrant authorizing the search of Room 227 at America's Best Value Inn at 3100 Main Street in North Little Rock included substantially the same information as the affidavit in support of the arrest warrant but added some additional facts. The additional facts were that on December 30, 2014, agents located an advertisement on Backpage.com featuring a female known to work for Big Face. Undercover officers communicated by text message with the telephone number in the advertisement in an effort to set up a date with the female. The female asked the officers to come to Room 119, but no meeting took place. The affidavit is unclear as to whether the officers attempted a meeting and were unsuccessful or whether they did not attempt a meeting. The affidavit added, however, that on December 31, 2014, the affiant confirmed that Dana Deffenbaugh rented Room 119 but later moved to Room 227 at the America's Best Value Inn in North Little Rock.

In determining whether probable cause exists to issue a warrant, the magistrate's job "is simply to make a practical, common-sense decision whether, given all the circumstances set forth

in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that the defendant has committed a crime." *United States v. Mims*, 812 F.2d 1068, 1072 (8th Cir. 1987) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983) (internal quotation marks omitted)).  In reviewing the magistrate judge's decision, the Court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  *Id.*  "Great deference is afforded the magistrate's determination of probable cause."  *Id.*  Hearsay may be sufficient to establish probable cause for purpose of issuing a warrant if there is a substantial basis for crediting the hearsay.  *United States v. Shaw*, 464 F.3d 615, 623 (6th Cir. 2006).  An affidavit by an eyewitness that she saw a crime committed or was the victim of a crime is generally sufficient to establish probable cause.  *Id.  See also United States v. McKinney*, 328 F.3d 993, 994 (8th Cir. 2003) (holding that law enforcement officers are entitled to rely on information provided by the victim of a crime, absent an indication that the information is not trustworthy).

Deffenbaugh argues that the information provided by the minor was not corroborated and that because she was a minor her hearsay is insufficient to establish probable cause.  The argument that hearsay by a minor cannot establish probable cause is based on *Shaw*, 464 F.3d at 624, where the court said that the uncorroborated hearsay statement of a child as young as three, standing alone, was insufficient to establish probable cause.  Here, the minor was seventeen, not three, and Deffenbaugh cites no case law to show that the statements of a seventeen-year-old are insufficient to establish probable cause.  He is also mistaken in arguing that statements by the victim of a crime, as opposed to statements by an informant, must be corroborated.  *See McKinney*, 328 F.3d at 994; *United States v. Dan Thanh Nguyen*, Crim. No. 06-192 (PAM/SRN), 2006 WL 3486993, at *7 (D.

Minn. Dec. 4, 2006) (citing authorities for the proposition that where the information in an affidavit for a warrant comes from a citizen or victim, rather than a police informant, that information is sufficient to supply probable cause without further corroboration).

Furthermore, the information here was not entirely uncorroborated.  First, the person who placed the anonymous telephone call stated that a seventeen-year-old minor was being held against her will in Room 225 at a hotel at 3100 Main Street in North Little Rock.  That information was corroborated when officers made contact with the minor female, who gave a detailed description of the manner in which she had been induced into providing prostitution services for Big Face and who explained that Big Face had physically assaulted other female prostitutes when they attempted to escape.  The minor gave a detailed explanation of Big Face's operation.  She also explained that Big Face advertised on Backpage.com.  The officers corroborated that information.  When officers located an advertisement on Backpage.com for a prostitute working for Big Face, they made contact with the female via text message and were told to come to Room 119.  They confirmed with the hotel that Dana Deffenbaugh had rented Room 119 and then moved to Room 227.  As noted above, the minor female identified a photograph of Dana Deffenbaugh as Big Face.[1]

All of this was sufficient to enable the magistrate judge to conclude that there was a fair probability that Dana Deffenbaugh had committed the crime of sex trafficking of a minor and that evidence of that crime could be found in Room 227 of America's Best Value Inn located at 3100 Main Street in North Little Rock.

---

[1] Whether this identification based on a single photograph is admissible at trial is a separate issue, which is not addressed here.

4

Deffenbaugh also argues that any information obtained from his cell phones should be suppressed because cell phones may not be searched without a warrant.  The application for the search warrant, however, sought authority to search cell phones, and the warrant that was issued gave that authority.  Consequently, no warrantless search of a cell phone occurred.

Finally, even if the affidavits were insufficient to establish probable cause for the arrest and the search, the evidence would not be suppressed because officers acted with objective good faith in relying upon the magistrate judge's determination that probable cause existed.  *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984).

The motion to suppress is DENIED.  Document #52.

IT IS SO ORDERED this 17th day of March, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE