**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                      No. 4:15CR00002 JLH

DANA DEFFENBAUGH                                                                              DEFENDANT

**OPINION AND ORDER**

Dana Deffenbaugh has been indicted on one count of sex trafficking of a minor and one count of sex trafficking by force, threat, fraud or coercion in violation of 18 U.S.C. § 1591(a). He has moved to suppress an out-of-court identification by the victim and any in-court identifications at trial. The Court held an evidentiary hearing on September 7, 2016. For the following reasons, the motion to suppress is denied.

**I.**

North Little Rock Police Officer Eric Stockman testified that on December 28, 2014, a colleague directed him to a Motel 6 in Little Rock in response to a call made about human trafficking. There, the victim told Stockman that she met a woman at a gas station in North Little Rock, who befriended her and introduced her to a man called "Big Face." The victim did not know his real name. The woman and "Big Face" gave the victim drugs. Then, the victim went on a date with the woman and "Big Face." During the date, "Big Face" informed the victim that she was his "hoe" and that she was to engage in prostitution. "Big Face" made it clear to the victim that if she refused to engage in prostitution or tried to escape, she would be harmed. She was seventeen.

The victim told Stockman that "Big Face" controlled what clients she saw and where she saw them. After the victim described the situation, Stockman asked her to identify "Big Face." The victim said that "Big Face" was a black male with a slender build, who weighed about 200 pounds,

was 6'1, and wore his hair in twists (which was an accurate description of Deffenbaugh). The victim also showed Stockman a photograph of "Big Face" on her cell phone and informed him that she took the photograph. Stockman then used his cell phone to take a photograph of her cell phone displaying the photograph. When Stockman completed his report of the incident later that day, he uploaded the photograph.

On December 29, 2014, a task force officer sent Stockman's report to FBI Special Agent Katie Rowbotham. Knowing that other juveniles could be in danger, Rowbotham immediately began working to identify "Big Face." She used the FBI system to locate several reports on "Big Face" that included photographs, identified him as Dana Deffenbaugh, and described sex trafficking incidents very similar to the report by the victim here. Rowbotham also printed Facebook posts and photographs associated with the Facebook page of Dana Deffenbaugh. Then, Rowbotham interviewed the victim on December 30, 2014. Rowbotham testified that she never asked the victim to identify "Big Face." While seeking to have the victim identify other possible victims, she showed the victim various Facebook photographs, which included photographs of women and of Deffenbaugh, when the victim spontaneously stated that the man in the photographs was "Big Face."

The victim told Rowbotham that she had been with "Big Face" for about one month and that she saw him everyday. The first night she met "Big Face," he gave her drugs and they had sex. She had sex with "Big Face" approximately four times during the month she worked for him. The victim told "Big Face" that she was seventeen years old and he told her not to tell anybody. "Big Face" took photographs of the victim order to post them on backpage.com, provided instructions, and required the victim to give to him all the money she received from clients.

**II.**

The admission of identification testimony procured through impermissibly suggestive means implicates the due process clause of the fifth amendment. *See United States v. Kime*, 99 F.3d 870, 882 (8th Cir. 1996). "[R]eliability is the linchpin in determining the admissibility of identification testimony . . . ." *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140 (1977). The Court must determine whether the way in which law enforcement officers secured the victim's identification testimony was "impermissibly suggestive." *Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 971, 19 L. Ed. 2d 1247 (1968). If so, the Court must then determine whether the impermissibly suggestive means of obtaining an identification created "a very substantial likelihood of irreparable misidentification." *Manson*, 432 U.S. at 116, 97 S. Ct. at 2254.

To determine whether law enforcement officers used impermissibly suggestive identification procedures, the Court must consider whether they "use[d] an identification procedure that [was] both suggestive and unnecessary." *Perry v. New Hampshire*, 132 S. Ct. 716, 724, 181 L. Ed. 2d 694 (2012). Stockman did not show the victim any photographs of "Big Face," nor had he even heard of "Big Face" before interviewing the victim. Rather, the victim produced a photograph of "Big Face" that she had taken and offered it to Stockman. *See United States v. Whittle*, No. 3:13-cv-00170-JHM, 2016 WL 4408992 at *6 (W.D. Ky. Aug. 16, 2016) (finding that an identification procedure was not impermissibly suggestive when the witness provided her own photograph to a detective, the detective made no suggestive comments to her that the identification was correct, and no law enforcement action influenced her original identification).

Rowbotham showed the victim various photographs from Deffenbaugh's Facebook page knowing that the victim had already provided a photograph of "Big Face," which Rowbotham had

3

compared with photographs in an FBI database associated with "Big Face" or Deffenbaugh. She did not ask the victim whether the man in the photographs was "Big Face." She already knew that he was. Rowbotham did not show the Facebook photographs to the victim seeking an identification of Deffenbaugh; she showed them to see if the victim could identify other possible victims. Rowbotham had reason to be concerned that other juveniles were in danger based on both the FBI database on Deffenbaugh and the original report to the North Little Rock Police Department in which an individual stated that multiple women being held against their will. Showing the victim the Facebook photographs was not suggestive under these circumstances, but even if it were, such a procedure was necessary because it was important for law enforcement to prevent further harm to other potential victims. *See Sanders v. Wyrick*, 640 F.2d 186, 187 (8th Cir. 1981) ("Police procedure may have required an immediate confirmation of the assailant's identity in order to facilitate his speedy arrest on charges resulting from such a violent and heinous crime.").

Here, no law enforcement officer suggested a connection between a photograph and a particular crime; no impermissibly suggestive procedure was used. *See United States v. Bissonette*, 164 F.3d 1143, 1145 (8th Cir. 1999) (distinguishing a situation where a witness was shown only one photograph of the defendant and asked if he could identify him from situations where the witness is asked whether a specific individual was responsible for robbing a bank); *Sanders,* 640 F.2d at 187 (holding that the use of a single photographic identification was not unnecessarily suggestive because the victim had described her assailant in detail before being shown the photograph by police, and gave the police the name by which she had known him).

Even if impermissibly suggestive means had been used to secure a photographic identification of "Big Face" by the victim, there is no substantial likelihood of misidentification.

4

In determining whether there is a substantial likelihood of misidentification, the Court considers "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *Manson*, 432 U.S. at 114, 97 S. Ct. at 2253 (citing *Neil v. Biggers*, 409 U.S. 188, 199, 93 S. Ct. 375, 382, 34 L. Ed. 2d 401 (1972)). Here, the victim saw Deffenbaugh everyday for a month. She knew him. During that month she engaged in sexual activity with Deffenbaugh approximately four times. She also posed for photographs taken by Deffenbaugh. She had ample opportunity to view him. The victim provided law enforcement officers a detailed account of her time with Deffenbaugh and voluntarily produced a photograph that identified him. She described him accurately. She apparently paid close attention. She met with Stockman on the day that she left Deffenbaugh and with Rowbotham just two days later. Nothing that Stockman or Rowbotham did created a substantial likelihood of irreparable misidentification. The victim identified him spontaneously and with certainty. The facts do not indicate a substantial likelihood of misidentification.

## CONCLUSION

For the foregoing reasons, the defendant's motion to suppress is DENIED. Document #57.

IT IS SO ORDERED this 8th day of September, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE