IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                  4:15-CR-00002-01-JM

DANA DEFFENBAUGH

## ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 85) is DENIED.

Defendant did not receive "status points" at sentencing, so retroactive guideline Amendment 821 does not lower his guideline range.[1] His argument about President Biden pardoning defendants with prior marijuana convictions for simple possession fails because Defendant's prior marijuana possession convictions were based on state charges, not federal.

Additionally, Defendant's plea agreement also provides that he "waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 12th day of January, 2024.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 75.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).